**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Robert Preston Robb, *et al.*,

    Plaintiffs,

    v.                          Case No. 1:10cv285

Mary Jo Hudson, *et al.*,            Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court upon Plaintiffs' Motion for Preliminary Injunction (Doc. 3) and Defendants' Responses in Opposition thereto (Docs. 12, 14). Also before the Court is Defendant Mary Jo Hudson's Motion to Dismiss (Doc. 15) and Plaintiffs' Response in Opposition thereto (Doc. 16). On July 1, 2010, this Court held a hearing on the above motions. (Doc. 17.)

**I.    BACKGROUND**

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, claiming violations of their First and Fourteenth Amendment rights. (Doc. 1) Plaintiffs are licensed surety bail bond persons holding with licenses from the Ohio Department of Insurance. (Id., ¶¶ 4-5.) Plaintiffs are employed by A-1 Bail Bonds. (Id.) Defendant Mary Jo Hudson is the Director of the State of Ohio Department of Insurance. (Id., ¶ 6.) Defendant Kevin O'Brien is an employee of the Hamilton County Clerk of Court. (Id., ¶ 7.)

Plaintiffs challenge two statutory provisions, two administrative provisions, and a policy adopted by an employee of the Hamilton County Clerk's office. Specifically, Plaintiffs challenge: (1) Ohio Revised Code § 3905.932(B) which provides that a surety bail bond

agent shall not "… directly or indirectly solicit business in, or on the property or grounds of, a detention facility, as defined in 2921.01 of the Revised Code or in, or on the property or grounds of, any court. For the purposes of this division, 'solicit' includes the distribution of business cards, print advertising, or any other written information directed to prisoners or potential indemnitors, unless a request is initiated by the prisoner or potential indemnitor …" (2) Ohio Revised Code § 3905.932 (C) which provides that a surety bail bond agent shall not "… wear or otherwise display any identification, other than wallet identification…in or on the property or ground of a detention facility … or in or on the property or grounds of any court …" (3) Ohio Administrative Code 3901-1-66(I)(1)(a) which prohibits a bail bond agent from "… approaching a person not currently a client and in any way initiating communication concerning bail bond services …" (4) Ohio Administrative Code 3901-1-66(I)(1)(f) which prohibits a bail bond agent from "… distributing a business card, pen, or any item, that identifies an individual or business entity as providing surety bail bond services …" and (5) the policy adopted by Defendant O'Brien that "any professional bondsman found to be soliciting on the grounds of the Justice Center will have their bond privileges suspended …"

    Plaintiffs seek to "solicit "business by communicating to people about the availability of bail bonds and wearing identifying tags and insignia. Plaintiffs seek to do so in the glass enclosed audience sections of Rooms A and B of the Hamilton County Courthouse, the hallways of the Hamilton County Courthouse, and the outside grounds of the Justice Center and the Hamilton County Courthouse.

**II.**    **<u>ANALYSIS</u>**

    Defendants argue that Plaintiffs are not entitled to injunctive relief and their claims

should be dismissed because this Court should abstain from exercising its jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971).[1]

Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McClellan v. Carland*, 30 S.Ct. 501, 505 (1910). However, under the doctrine of abstention, the federal court may decline to exercise or postpone the exercise of its jurisdiction. *Colorado River Water Conser. Dist. v. U.S.*, 424 U.S. 800, 814 (1976), *citing County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959). As such, *Younger* abstention is not a question of jurisdiction, but is rather based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986).

Under the *Younger* abstention doctrine, absent extraordinary circumstances, a federal court must decline to interfere with pending state civil or criminal judicial proceedings involving important state interests. *See Younger*, 401 U.S. at 44; *see also Ohio Civil Rights Comm'n*, 477 U.S. at 627 (extending *Younger* abstention to state administrative proceedings). Three requirements must be met before a district court properly invokes *Younger* abstention: "1) there must be on-going state judicial proceedings; 2) those proceedings must implicate important state interests; and 3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007),

---

[1] While Defendant Kevin O'Brien did not join in Defendant Hudson's Motion to Dismiss, in his opposition to Plaintiffs' Motion for Preliminary Injunction, O'Brien adopted the arguments made by Hudson. (See Doc. 14.)

*citing Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quotation marks and citation omitted).[2]

The Court finds that all three requirements have been met in this instance. First, there are on-going state judicial proceedings. The Ohio Department of Insurance has formally initiated proceedings against the owner of A-1 Bail Bonds, Debra Henneke, for violating the statutes and regulations at issue in this case. Following an administrative hearing on March 11, 2010, Henneke was found to have violated the statutes and regulations. A hearing examiner has recommended that the Superintendent of Insurance revoke Henneke's insurance license.

Plaintiffs do not dispute that these are ongoing proceedings, but instead argue that no administrative proceedings have been brought against them, and Henneke is not a party to this action. However, the Supreme Court has applied *Younger* abstention to non-parties to a state court proceeding where the interests are inextricably intertwined with those of litigants who are parties in state court. *See Hicks v. Miranda*, 422 U.S. 332, 348 (1975) (holding that interests of owner and those of his employees were intertwined to the extent that district court should have abstained under *Younger*). However, where courts have applied *Younger* abstention to non-parties, those courts have limited the doctrine's application to instances where the non-parties " 'seek to directly interfere with the pending [state] proceeding.' " *Citizens for a Strong Ohio v. Marsh*, 2005 WL 14986 (6th Cir. 2005),

---

[2]There are three exceptional circumstances under which *Younger* becomes inapplicable: (1) where the state proceeding is pursued with an intent to harass; (2) where the state proceeding is conducted in bad faith; and (3) where the challenged state statute or authority is flagrantly and patently unconstitutional. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603-613 (1975). Plaintiffs have not argued that any of these exceptions are applicable and the Court finds nothing in the record to warrant their application.

*quoting Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.2d 65, 85 (2d. Cir. 2003).

The Court finds that these requirements have been met. Plaintiffs have the same interests as Henneke in that they seek to "solicit" business on behalf of their employer, A-1 Bail Bonds. While Plaintiffs may have their own licenses, their objective is to generate business on behalf of A-1 Bail Bonds. Through their employment with A-1 Bail Bonds, Plaintiffs interests are inextricably intertwined with that of Henneke, the owner of A-1. The Court further finds that Plaintiffs seek to directly interfere with the proceedings brought against Henneke. Plaintiffs seek a ruling from this Court that the statute and regulations at issue are unconstitutional. Such a finding would directly interfere with the state court proceedings against Henneke because the same statute and regulations are being enforced against Henneke in that matter.

Furthermore, Henneke has an adequate opportunity in the state proceedings to raise constitutional challenges. While Henneke is unable to raise constitutional issues before the Department of Insurance, "the mere fact that the state agency cannot consider constitutional claims does not prevent the application of the *Younger* abstention doctrine as long as the constitutional claims could be presented on review in state court." *BB & T Ins. Services, Inc. v. Ohio Dept. of Ins.*, 2006 WL 314495, *5 (S.D.Ohio Feb. 9, 2006) (unpublished), *citing Dayton Christian Schools*, 477 U.S. at 629. Ohio law permits Henneke to appeal the decision of the Department to a court of common pleas, where Henneke could raise claims that the statute and regulations are unconstitutional. *See* Ohio Rev. Code § 119.12.

Finally, the Sixth Circuit has held that the regulation of insurance is "clearly" an important state interest. *See Blue Cross & Blue Shield v. Baerwaldt*, 726 F.2d 296, 299

(6th Cir. 1984) (holding that the "regulation of insurance companies clearly involves important state interests").

Because the Court finds that the three requirements have been met for the application of the *Younger* abstention doctrine, the Court finds that abstention is this matter is appropriate. A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance. *Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006), *citing Carroll v. Mt. Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998). In exercising this discretion, a district court should: (1) look to the nature of the state proceedings and consider whether a litigant will be able to address his federal claim on the merits in the state court proceeding; and (2) consider whether there are any statute of limitations issues should the case be dismissed and the limitations clock continue to run. *Id.* As to this last consideration, for a section 1983 claim brought in Ohio, the two-year general statute of limitations contained in Ohio Revised Code § 2305.10 applies. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

While the Court has found that Plaintiffs' interests are inextricably intertwined with the interests of Henneke, the Court recognizes that Plaintiffs are unable to address their own federal claims in the state court proceedings. The Court also notes that while Plaintiffs bring a facial challenge, they also bring as-applied challenges. As such, there is a potential for there to be a statute of limitations issue. Accordingly, the Court finds that this matter shall be stayed, instead of dismissed, under the *Younger* abstention doctrine.

**III.    CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that:

1. Plaintiffs' Motion for Preliminary Injunction (Doc. 3) is **DENIED without PREJUDICE** and the right to refile;

2. Defendant Mary Jo Hudson's Motion to Dismiss (Doc. 15) is **GRANTED in PART and DENIED in PART**;

    a. Defendant's Motion is GRANTED to the extent that the Court finds that the *Younger* abstention doctrine is applicable;

    b. Defendant's Motion is DENIED to the extent that Defendant seeks dismissal of this case; and

3. This matter shall be **STAYED** pending the conclusion of the state administrative proceedings brought against Debra Henneke;

    a. The parties shall file a status report within **fourteen (14) days** of the conclusion of the state administrative proceedings.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  Michael R. Barrett
                                                  United States District Judge